UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America<br>ex rel. Douglas Scott (#K-71048), | ) ) ) | |
| Petitioner, | ) ) ) | |
| vs. | ) ) | No. 03 C 9375<br>Judge Joan H. Lefkow |
| TERRY McCANN<br>Warden,<br>Shawnee Correctional Center, | ) ) ) ) | |
| Respondent. | ) ) | |

## MEMORANDUM OPINION AND ORDER

In his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, petitioner Douglas Scott ("Scott") challenges his conviction for attempted predatory criminal sexual assault of a child. The Respondent Terry McCann, the Warden of the Shawnee Correctional Center ("Respondent"), has filed an answer to the petition and moves that it should be denied.[1] For the reasons stated below, Scott's petition is denied.

### HABEAS STANDARD

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires this court to deny Scott's petition for a writ of habeas corpus with respect to any claim adjudicated on the

---

[1] At the time Scott filed his petition, he was incarcerated at the Centralia Correctional Center. As a result, pursuant to Rule 2(a) of the Rules Governing Section 2254 cases in the United States District Courts, the warden of that facility, Edwin Bowen, was the proper party respondent. Before Bowen could respond, however, Scott was released from prison. Thus, the director of the Illinois Department of Corrections, Roger E. Walker, Jr., was substituted as the proper party respondent. Following Walker's response to Scott's petition, Scott was re-incarcerated for violating his parole. Since Scott is now imprisoned at the Shawnee Correctional Center, Terry McCann is the proper party respondent.

1

merits in the state court unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d); *Price v. Vincent*, 538 U.S. 634, 638, 123 S. Ct. 1848, 155 L. Ed. 2d 877 (2003). A state court's decision is contrary to clearly established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [it]," or if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 405, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). In order for a state court decision to be considered "unreasonable" under this standard it must be more than incorrect, it must lie "well outside the boundaries of permissible differences of opinion." *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002); *see also Schultz v. Page*, 313 F.3d 1010, 1015 (7th Cir. 2002) ("The state court decision is reasonable if it is minimally consistent with the facts and circumstances of the case.").

## BACKGROUND

### A. Procedural History

Scott was convicted in Lake County, Illinois of attempted predatory criminal sexual assault of a child, attempted aggravated criminal sexual abuse, and two counts of attempted indecent solicitation of a child. The trial court sentenced Scott to twelve years in prison for attempted predatory criminal sexual assault of a child and vacated the judgment on the charge of attempted aggravated criminal sexual abuse. The trial court also sentenced Scott to concurrent

2

terms of 365 days in prison on two charges of attempted indecent solicitation of a child. Scott appealed his conviction to the Illinois Appellate Court, Second District, which affirmed his convictions and vacated his sentence in part. The court also remanded the case for a new sentencing hearing. Scott filed a petition for leave to appeal his convictions to the Illinois Supreme Court, but that petition was denied on April 4, 2001. On remand, the trial court again imposed a twelve year sentence for attempted predatory criminal sexual assault. Scott appealed to the Illinois Appellate Court, Second District, arguing that the trial court abused its discretion by sentencing the defendant to 12 years in prison for attempt predatory criminal sexual assault of a child where there was no child victim and it was impossible for the defendant to commit the underlying offense. While his appeal was pending, Scott filed a habeas corpus petition in federal court, which was dismissed because it was premature. The appellate court then affirmed the judgment of the trial court. Scott elected not to file a petition for leave to appeal that decision with the Illinois Supreme Court. Instead, on December 29, 2003, Scott filed the present habeas petition with this court.

**B.    Facts**

When considering a habeas petition, the court must presume that the state courts' factual determinations are correct unless the petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Todd* v. *Schomig*, 283 F.3d 842, 846 (7th Cir. 2002). Lopez has no evidence to rebut this presumption. Therefore, the court adopts the Illinois Appellate Court's recitation of facts in *People* v. *Scott*, 318 Ill.App.3d 46, 740 N.E.2d 1201, 251 Ill.Dec. 630 (2000).

The charges against Scott arose from his communications with an undercover Lake

3

County, Illinois sheriff's detective, Richard White, who met Scott on the Internet. At the bench trial, Detective White testified that, on July 13, 1998, he was conducting an investigation on the Internet service provider America Online. Detective White used the screen name "XradboyX," the profile which indicated that the user was named "Ricky" and was born on December 12, 1986. On July 13, 1998, Detective White was in a chat room when he received an instant message from Scott, who was using the screen name "FarWestBoy." Scott asked Ricky/XradboyX how old he was. An Internet instant message conversation then ensued, during which Detective White represented that he was 12 years old, and Scott indicated that he was 34.

The conversation included references to sexual behaviors. Detective White and Scott agreed to meet later that day at a Denny's restaurant. At the appointed time, Detective White appeared at the location, but Scott did not.

Detective White testified that, the following day, he received two e-mails from Scott. In those e-mails, Scott apologized for not attending the meeting and expressed his desire to continue the exchange of messages. When Detective White logged on to America Online, he received an instant message from Scott. They engaged in a sexually suggestive computer dialogue for about one hour. During that conversation, Detective White requested that Scott send him pictures via e-mail of men engaged in sexual conduct. Scott complied with his request and forwarded images of two young males engaged in acts of sexual penetration. Detective White and the defendant again agreed to meet at the Denny's restaurant.

At the agreed upon time on July 15, 1998, Lake County detectives arrived at the location. After Scott arrived, he approached Detective Manis who had been dressed to attempt to match the description of a 12-year-old boy that Detective White had conveyed to Scott. Scott asked

Detective Manis if he was Ricky. After Detective Manis responded in the affirmative, Scott stated, "[Y]ou don't like you're twelve years old." Police officers then arrested Scott.

Following his arrest, Scott was taken to the sheriff's department, where he gave oral and written statements to the investigators. During the interview, Scott identified himself as FarWestBoy and admitted his understanding that Ricky/XradboyX was 12 years old. He confirmed that he had driven to the Denny's restaurant to meet Ricky/XradboyX, and that he would have had sex if Ricky/XradboyX had wanted to.

## DISCUSSION

In his habeas petition, Scott argues that the Illinois trial and appellate courts improperly expanded and applied the statutory definition of attempt, 720 ILCS 5/8-4(a), by finding that he intended to commit and took a substantial step toward an act of sexual penetration with a minor, even though the undercover police officer he contacted was not under the age of 13, he did not request or offer an act of sexual penetration, and his conduct did not bring him within dangerous proximity of sexually abusing a minor. Scott thus argues, in effect, that the evidence adduced at trial was insufficient to sustain his conviction.[2]

The relevant inquiry for a federal habeas court reviewing a sufficiency of the evidence claim is "whether, after viewing the evidence in light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable

---

[2] Respondent contends that Scott's claim is non-cognizable, because it is based on an incorrect interpretation and application of Illinois law, which is not subject to federal habeas review. Like the Illinois Appellate Court, the court elects to treat Scott's claim as alleging that he was deprived of the Fourteenth Amendment, due process guarantee that no person shall be made to suffer a criminal conviction except upon sufficient proof. *See Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781, 61 L Ed. 2d 560 (1979). That allegation is, of course, subject to federal habeas review. *Id.* Accordingly, the court considers Scott's claim on its merits.

5

doubt." *Jackson v. Virginia*, 443 U.S. at 319. *See also United States v. Hoover*, 175 F.3d 564, 570 (7th Cir. 1999) ("A defendant has a heavy burden in challenging a conviction based on the sufficiency of the evidence.").

Under Illinois law, to prove Scott guilty of attempted predatory criminal sexual assault of a child ("the offense"), the State was required to establish beyond a reasonable doubt that Scott intended to commit the offense and that he took a substantial step toward the commission of the offense. 720 ILCS 5/8-4(a); *People v. Smith*, 148 Ill.2d 454, 458, 170 Ill. Dec. 644, 593 N.E.2d 533 (1992). The impossibility of completing the offense is not a defense. 720 ILCS 5/8-4(b). A person commits the offense if the accused is at least 17 years of age and commits an act of sexual penetration with a victim under 13 years of age. 720 ILCS 5/12-14.1(a)(1). For purposes of the offense, sexual penetration is defined as:

> "[A]ny contact, however slight, between the sex organ or anus of one person by an object, the sex organ, mouth or anus of another person, or any intrusion, however slight, of any part of the body of one person or any animal or object into the sex organ or anus of another person, including but not limited to cunnilingus, fellatio or anal penetration."

720 ILCS 5/12-12(f).

The determination by the trial court that the evidence adduced at trial was sufficient to establish Scott's intent to commit the offense was reasonable. Under Illinois law, intent may be proved circumstantially by inferences reasonably drawn from the circumstances of the defendant's conduct. *People v. McKinney*, 260 Ill. App.3d 539, 197 Ill. Dec. 822, 631 N.E.2d 1281 (1994). In this case, the State presented evidence at trial establishing that Scott told the undercover police officer on several occasions that he could "get into trouble" if he were to have sex with "Ricky/XradboyX;" he sent "Ricky/XradboyX" two computer images of nude young

6

males, one of which depicted them engaging in anal sex; and he told police at the time of his arrest that he would have had sex with "Ricky/XradboyX" if "Ricky/XradboyX" had wanted to. Like the Illinois Appellate Court, this court finds that this conduct provided the trial court a reasonable basis to infer that Scott possessed the intent to engage in an act of sexual penetration, as defined in 720 ILCS 5/12-12(f), with a child under 13 years of age. And since Scott presented no evidence at trial, those reasonable inferences were sufficient to support the trial court's finding that Scott possessed the requisite intent.

There was also ample evidence adduced at trial to support the trial court's determination that Scott took a "substantial step toward commission of the offense." In Illinois, it is not necessary that the defendant complete the last proximate act in order to be convicted of the offense of attempt. *People* v. *Wallace*, 57 Ill.2d 285, 292, 312 N.E.2d 263 (1974). Mere preparation, however, is not a substantial step. *People* v. *Elmore*, 50 Ill.2d 10, 12, 276 N.E.2d 325 (1971). Ultimately, what constitutes a substantial step toward the commission of an offense can be determined only by evaluating the facts and circumstances of a particular case. *Wallace*, 57 Ill.2d at 292.

Here, Scott engaged on multiple occasions in sexually suggestive dialogue via the internet with a person he believed to be a minor, forwarded him sexually explicit photographs, arranged to meet him, and then appeared at the designated meeting place at the appointed time. Under these circumstances, the mere fact that Scott did not participate in a criminal act or conduct with a minor is of little consequence. As the trial court observed of Scott's conduct,

> "[I]t is more than just a fantasy transmission over the electronic media of thoughts and desires. A child was solicited in the defendant's mind, a date was made, and he drove to meet the person to carry out the purposes of that encounter. And if this had not been a

police officer but had been a 12 year old child that this defendant would indeed have gone forward and had sex with him at that time."

Scott's conduct goes well beyond mere preparatory acts and leaves no doubt regarding the firmness of his intent to commit the offense. As such, Scott's internet communications, coupled with his act of appearing at the meeting place, are sufficient to establish the substantial step element of the offense.

In sum, a review of the record in the light favorable to the prosecution convinces the court that a rational trier of fact could readily have found Scott guilty beyond a reasonable doubt of the offense. Accordingly, Scott was not denied due process of law under the standard of *Jackson* v. *Virginia*, 443 U.S. at 319.[3]

## CONCLUSION

For the foregoing reasons, Scott's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [# 1] is denied. The case is terminated.

Dated: October 17, 2006            ENTER: _____

JOAN HUMPHREY LEFKOW
United States District Judge

---

[3] At times, Scott framed his argument in terms of the Equal Protection Clause of the Fourteenth Amendment. On those occasions, he appeared to alternatively contend that if the court found evidence sufficient to support his conviction, the court should then consider whether the attempt statute is unconstitutionally vague because it failed to put people on notice as to what conduct was prohibited. To the extent that Scott separately presents this argument, it fails because Scott failed to present it to the Illinois Appellate Court, *see Baldwin* v. *Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004) (habeas petitioner must fully and fairly present to each appropriate state court his constitutional claims before seeking review in federal court), and there is no evidence sufficient to excuse his procedural default. *See Edwards* v. *Carpenter*, 529 U.S. 446, 451, 120 S. Ct. 1587, 146 L Ed. 2d 518 (2000) (federal court may still reach the merits of a procedurally defaulted claim if the petitioner establishes either cause for his failure to follow a rule of state procedure and actual prejudice, or that the default will result in a fundamental miscarriage of justice).

8